**MING QIN FANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76172.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 2006.*

Filed Aug. 28, 2006.

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Chris A. Thomas, USH–Office of the U.S. Attorney, Jennifer L. Lightbody, Esq., Honolulu, HI, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

MEMORANDUM **

Ming Qin Fang, a native and citizen of China, petitions for review of a summary order of the Board of Immigration Appeals upholding an Immigration Judge's ("IJ") denial of his application for asylum, with-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

holding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Desir v. Ilchert*, 840 F.2d 723, 726 (9th Cir.1988), we deny the petition for review.

Even assuming Fang testified credibly, substantial evidence supports the IJ's finding that there was not a nexus between the extortion and beatings Fang suffered and a protected ground because Fang's unwillingness to pay Chinese building inspectors 50% of his profits was not an act of political expression. *See Ochave v. INS*, 254 F.3d 859, 865–66 (9th Cir.2001).

Additionally, there is no evidence in the record to suggest that Fang has a well-founded fear of future persecution based on his bribe dispute with three local building inspectors. *See id.* at 867–68.

Because Fang failed to establish that he was eligible for asylum, he necessarily failed to establish eligibility for withholding of removal. *See Cruz–Navarro v. INS*, 232 F.3d 1024, 1031 (9th Cir.2000).

Fang has waived his claim for protection under CAT by failing to raise any arguments in his opening brief challenging the denial of this claim. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**